# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHIMWALA F. ENGLISH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 16-02335 (ABJ/RMM) |
| | ) |
| WASHINGTON METROPOLITAN AREA | ) |
| TRANSIT AUTHORITY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Washington Metropolitan Area Transit

Authority's ("Defendant" or "WMATA") Motion to Compel Payment of Expert Fees for

Preparation for Discovery Deposition [ECF No. 27], which seeks to compel Chimwala F.

English ("Plaintiff" or "Ms. English") to pay fees for an expert witness's deposition preparation

time. Ms. English opposes the motion. The District Judge presiding over this case has referred

all discovery disputes to the undersigned Magistrate Judge pursuant to Local Civil Rule 72.2(a).

*See* Order, ECF No. 21. Having reviewed the parties' submissions, the Court will deny without

prejudice WMATA's Motion to Compel Payment of Expert Fees for Preparation for Discovery

Deposition ("Motion to Compel Fees") [ECF No. 27] for the reasons set forth below.

## BACKGROUND

This case is a wrongful death and survival action arising from a September 3, 2015

accident in which Reginald Burrell was dragged under the rear portion of a WMATA bus and

injured. *See* Compl. ¶¶ 7–13, ECF No. 1. Mr. Burrell was hospitalized after the accident and

died five days later. *Id.* ¶ 17. Ms. English alleges that the WMATA employee who operated the

bus that injured Mr. Burrell acted negligently, and that the driver's negligence was the direct,

sole, and proximate cause of Mr. Burrell's injuries and subsequent death. *Id.* ¶¶ 21, 51, 58, 87.

WMATA admits that at all relevant times the bus driver was acting within the scope of his

employment as a WMATA bus operator, but denies that it or the driver was negligent. Answer

at 2–3, ECF No. 5.

Ms. English deposed WMATA's medical expert, Dr. Romergryko G. Geocadin, on June

9, 2017. *See* Def.'s Mot. to Compel Payment of Expert Fees for Preparation for Discovery Dep.

("Def.'s Mot. to Compel") ¶¶ 2–4, ECF No. 27. Dr. Geocadin testified regarding the conscious

pain and suffering that Mr. Burrell experienced prior to his arrival at Washington Hospital

Center. *See* Pl.'s Opp'n to Def.'s Mot. to Compel, Ex. 4 at 22:4–21 ("Pl.'s Opp'n"), ECF No.

29-4. Ms. English paid Dr. Geocadin for the deposition. *See* Pl.'s Opp'n at 10, ECF No. 29; *see*

*also* Def.'s Mot. to Compel ¶ 4, ECF No. 27. On June 14, WMATA sent Ms. English an invoice

seeking $5,950 for the time Dr. Geocadin spent preparing for the deposition. Def.'s Mot. to

Compel ¶¶ 5–6, ECF No. 27; Def.'s Mot. To Compel, Ex. 2, ECF No. 27-3. Ms. English has not

yet paid this invoice. *See* Def.'s Mot. To Compel ¶ 6, ECF No. 27.

WMATA now seeks a Court order compelling Ms. English to pay for the time that Dr.

Geocadin spent preparing for the deposition. *See id.* at 1. Ms. English opposes the motion on

two grounds, arguing: first, that WMATA failed to meaningfully confer as required under Local

Civil Rule 7(m); and second, that WMATA has not proven that the time Mr. Geocadin spent on

deposition preparation, or the hourly fee he charged, is reasonable. *See generally* Pl.'s Opp'n.

WMATA filed no reply.

<u>**LEGAL STANDARDS**</u>

**I.      Motion to Compel Expert Fees for Deposition Preparation**

Federal Rule of Civil Procedure 26(b)(4)(E) provides that "[u]nless manifest injustice

would result, the court must require that the party seeking discovery . . . pay the expert a

reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) or (D)." Time

spent "responding to discovery" includes the time an expert uses to prepare for a deposition. *See*

*Barnes v. Dist. of Columbia*, 272 F.R.D. 135, 137 (D.D.C. 2011); *Schmidt v. Solis*, 272 F.R.D. 1,

1–3 (D.D.C. 2010). The party seeking reimbursement bears the burden of establishing that the

fee is reasonable. *Barnes v. Dist. of Columbia*, 274 F.R.D. 314, 316 (D.D.C. 2011) (citing

*Guantanamera Cigar Co. v. Corporaction Habanos, S.A.*, 729 F. Supp. 2d 246, 255–56 (D.D.C.

2010). "[T]he party who noticed the deposition, must compensate the expert accordingly."

*Barnes*, 272 F.R.D. at 137.

**II.      Local Civil Rule 7(m)**

This Court's Local Rules require that "[b]efore filing any nondispositive motion in a civil

action, counsel shall discuss the anticipated motion with opposing counsel in a good-faith effort

to determine whether there is any opposition to the relief sought and, if there is, to narrow the

areas of disagreement." LOCAL CIV. R. 7(m). This rule was adopted "to promote the resolution

of as many litigation disputes as possible without court intervention, or at least to force the

parties to narrow the issues that must be brought to the court." *Ellipso, Inc. v. Mann*, 460

F. Supp. 2d 99, 102 (D.D.C. 2006) (citing *United States ex rel. Pogue v. Diabetes Treatment*

*Ctrs. of Am., Inc.*, 235 F.R.D. 521, 529 (D.D.C. 2006)); *see also Dist. Hosp. Partners, L.P. v.*

*Sebelius*, 971 F. Supp. 2d 15, 21 (D.D.C. 2013); FED. R. CIV. P. 37(a)(1) (requiring that a motion

to compel discovery "include a certification that the movant has in good faith conferred or

attempted to confer with the person or party failing to make . . . discovery in an effort to obtain it without court action"). Parties' "obligation to confer may not be satisfied by perfunctory action, but requires a good faith effort to resolve the non-dispositive disputes that occur in the course of litigation." *Pogue*, 235 F.R.D. at 529.

### DISCUSSION

Ms. English urges the Court not to reach the merits of the Motion to Compel Fees, arguing that the motion should be denied because WMATA's counsel failed to confer to the degree required by Rule 7(m). *See* Pl.'s Opp'n at 1–6, ECF No. 29. Local Civil Rule 7(m) requires parties to make a "good-faith effort to determine whether there is any opposition to the relief sought and, if there is, to narrow the areas of disagreement." LOCAL CIV. R. 7(m). A "good-faith" effort means that parties must take "real steps to confer." *Ellipso, Inc.*, 460 F. Supp. 2d at 102 (quoting *United States ex rel. K & R Ltd P'ship v. Mass. Hous. Fin. Agency*, 456 F. Supp. 2d 46, 52 (D.D.C. 2006)) (internal quotation marks omitted). Courts in this District have previously denied non-dispositive motions for failure to comply with Local Civil Rule 7(m). *See, e.g.*, *Ellipso, Inc.*, 460 F. Supp. 2d at 102 (denying parties' discovery motions "because the parties have not complied with Local Civil Rule 7(m)."); *Pogue*, 235 F.R.D. at 529 (denying defendants' motion to compel for failure "to confer with opposing counsel in an attempt to resolve the dispute before filing a non-dispositive motion" under both the Federal Rules and Local Civil Rule 7(m)); *see also Equal Rights Ctr. v. Post Properties, Inc.*, 246 F.R.D. 29, 31 (D.D.C. 2007) (noting that "[f]ailure to comply with the duty to confer requirement . . . is grounds for dismissing a motion to compel.") (citing cases); *Walker v. Dist. of Columbia*, 317 F.R.D. 600, 605 (D.D.C. 2016) (noting "similar cases where movants have overlooked their

duties under . . . the Local Rules" and "judges in this Circuit have . . . denied the motion to compel.").

Here, it does not appear that WMATA has meaningfully conferred with Ms. English regarding the expert fee dispute. Exhibit 3 to the Motion to Compel Fees contains three emails reflecting counsel's communications regarding this issue. *See* Def.'s Mot. to Compel, Ex. 3, ECF No. 27-4. The first email, sent by WMATA's counsel on June 14, 2017 at 4:30 p.m., advises Ms. English of Dr. Geocadin's supplemental invoice and seeks payment. *See id.* The second email, sent by Plaintiff's counsel on June 14, 2017 at 5:37 p.m. responds in the negative to the request. *See id.* The third email, sent by WMATA's counsel on June 19, 2017 at 2:55 p.m., asserts that the email constitutes "an effort to avoid going to the Court with a motion to compel your payment of Dr. Geocadin's preparation for deposition fees" and that "[i]f you do not consent to pay the doctor's preparation Invoice on or before June 223, 2017 [sic], I will have no alternative but to file a motion." *Id.* This is where WMATA's Exhibit 3 ends.

Ms. English has submitted an additional email chain which further reveals the extent of the parties' pre-filing discussions. Specifically, Ms. English has filed her counsel's response to WMATA's counsel's last email. Pl.'s Opp'n, Ex. 3 at 2, ECF No. 29-3. In this email, which Plaintiff's counsel sent on Monday, June 19 at 3:09 p.m., Plaintiff's counsel objects to the invoice's calculation of the time Dr. Geocadin spent preparing and the amount charged, and asks WMATA to "[p]lease provide us with the date(s) of each purported expenditure of time by Dr. Geocadin, as well as the time of day that he claims to have spent such time." *Id.* Neither Ms. English nor WMATA has submitted an email in which WMATA responds to Plaintiff's counsel's June 19 email. *See id.* Ms. English asserts that "[i]nstead of providing the information

Plaintiff's counsel requested in an effort to resolve the dispute, defense counsel chose to file the Motion." Pl.'s Opp'n at 5, ECF No. 29.

WMATA's efforts to confer with Plaintiff's counsel are too perfunctory to satisfy Local Civil Rule 7(m). Plaintiff's counsel requested details about the invoice which, if provided by WMATA, may have narrowed or eliminated the dispute. Despite having received that request within minutes of threatening to move to compel expert fees, WMATA did not respond. Although WMATA appears to have made a good faith effort to initiate a discussion, the abrupt and premature end to the discussion falls short of the meaningful and "real steps" to confer that Local Rule 7(m) requires. *Ellipso, Inc.*, 460 F. Supp. 2d at 102. Accordingly, WMATA has not satisfied Rule 7(m)'s requirement that parties confer in good-faith before filing a non-dispositive motion. *See Pogue*, 235 F.R.D. at 529; *Ellipso, Inc.*, 460 F. Supp. 2d at 102; *see also* Def.'s Mot. to Compel at 4 ("Good Faith Certificate"), ECF No. 27.

## CONCLUSION

For the foregoing reasons, the Court concludes that WMATA failed to comply with Local Civil Rule 7(m) in advance of filing this non-dispositive motion, and therefore **ORDERS** that Defendant's Motion to Compel Payment of Expert Fees for Preparation for Discovery Deposition [ECF No. 27] is hereby **DENIED** without prejudice. If the parties are unable to resolve this dispute after conferring further, WMATA may renew its motion.

**SO ORDERED**.


DATED: November 9, 2017

_____
ROBIN M. MERIWEATHER
UNITED STATES MAGISTRATE JUDGE