UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|                                         |   |                                       |
|-----------------------------------------|---|---------------------------------------|
| CHIMWALA F. ENGLISH,                    | ) |                                       |
| Plaintiff,                              | ) |                                       |
| v.                                      | ) | Civil Action No. 16-02335 (ABJ/RMM)   |
| WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, | ) |                                       |
| Defendant.                              | ) |                                       |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Washington Metropolitan Area Transit Authority's ("Defendant" or "WMATA") Renewed Motion to Compel Payment of Expert Fees for Preparation for Discovery Deposition ("Renewed Motion"), which seeks to compel Chimwala F. English ("Plaintiff" or "Ms. English") to pay fees for an expert witness's deposition preparation time. *See* ECF No. 38. Ms. English opposes the motion. The District Judge presiding over this case has referred all discovery disputes to the undersigned Magistrate Judge pursuant to Local Civil Rule 72.2(a). *See* Order, ECF No. 21. Having reviewed the parties' submissions,[1] the Court will deny without prejudice WMATA's Renewed Motion for the reasons set forth below.

## BACKGROUND

The factual background relevant to this Motion is set forth in the Court's November 9, 2017 Memorandum Opinion and Order which denied Defendant's initial request to compel fees

---

[1] Def.'s Renewed Mot. to Compel Payment of Expert Fees for Preparation for Disc. Dep. ("Def.'s Mot."), ECF No. 38; Pl.'s Opp'n to Def.'s Renewed Mot. ("Pl.'s Opp'n"), ECF No. 39.

for the preparation time invoiced by Dr. Romergryko G. Geocadin ("Dr. Geocadin") for an expert witness deposition. *See English v. Wash. Metro. Area Transit Auth.*, 293 F. Supp. 3d 13, 14 (D.D.C. 2017). In that decision, the Court denied without prejudice WMATA's initial fee request because WMATA had failed to meaningfully confer with Plaintiff's counsel as required by Local Civil Rule 7(m). *See id.* at 14–17.

WMATA now renews its motion and continues to seek a Court order compelling Ms. English to pay for the time that Dr. Geocadin spent preparing for the deposition. *See* Def.'s Mot. at 1. Ms. English again opposes the motion on two grounds, arguing: first, that WMATA failed to meaningfully confer as required under Local Civil Rule 7(m); and second, that WMATA has not proven that the time Mr. Geocadin spent on deposition preparation, or the hourly fee he charged, is reasonable. *See generally* Pl.'s Opp'n. WMATA filed no reply.

## **LEGAL STANDARD**

### I. **Motion to Compel Expert Fees for Deposition Preparation**

Federal Rule of Civil Procedure 26(b)(4)(E) provides that "[u]nless manifest injustice would result, the court must require that the party seeking discovery . . . pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) or (D)." *See also Barnes v. District of Columbia*, 272 F.R.D. 135, 137 (D.D.C. 2011) ("[T]he party who noticed the deposition must compensate the expert accordingly."). Time spent "responding to discovery" includes the time an expert uses to prepare for a deposition. *Id.*; *see Schmidt v. Solis*, 272 F.R.D. 1, 1–3 (D.D.C. 2010). The party seeking reimbursement bears the burden of establishing that the fee is reasonable. *Barnes v. District of Columbia*, 274 F.R.D. 314, 316 (D.D.C. 2011) (citing *Guantanamera Cigar Co. v. Corporacion Habanos, S.A.*, 729 F. Supp. 2d

246, 255–56 (D.D.C. 2010)). To determine whether the requested fee is reasonable, courts weigh several factors including:

> (1) the witness's area of expertise; (2) the education and training that are required to provide the expert insight that is sought; (3) the prevailing rates for other comparably respected available experts; (4) the nature, quality, and complexity of the discovery responses provided; (5) the cost of living in the particular geographic area; (6) the fee actually being charged by the expert to the party who retained him; and (7) fees traditionally charged by the expert on related matters.

*Id.*

## II. Local Civil Rule 7(m)

This Court's Local Rules require that "[b]efore filing any nondispositive motion in a civil action, counsel shall discuss the anticipated motion with opposing counsel in a good-faith effort to determine whether there is any opposition to the relief sought and, if there is, to narrow the areas of disagreement." LOCAL CIV. R. 7(m). This rule was adopted "to promote the resolution of as many litigation disputes as possible without court intervention, or at least to force the parties to narrow the issues that must be brought to the court." *Ellipso, Inc. v. Mann*, 460 F. Supp. 2d 99, 102 (D.D.C. 2006) (citing *United States ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc.*, 235 F.R.D. 521, 529 (D.D.C. 2006)); *see also Dist. Hosp. Partners, L.P. v. Sebelius*, 971 F. Supp. 2d 15, 21–22 (D.D.C. 2013). Parties' "obligation to confer may not be satisfied by perfunctory action, but requires a good faith effort to resolve the non-dispositive disputes that occur in the course of litigation." *Pogue*, 235 F.R.D. at 529.

## **DISCUSSION**

## I. Local Civil Rule 7(m)

Ms. English argues that the Court should deny WMATA's Renewed Motion for failure to comply with Local Civil Rule 7(m). *See* Pl.'s Opp'n at 1, 3–7. Local Civil Rule 7(m) requires parties to make a "good-faith effort to determine whether there is any opposition to the relief

sought and, if there is, to narrow the areas of disagreement." LOCAL CIV. R. 7(m). A "good-faith" effort means that parties must take "real steps to confer." *Ellipso,* 460 F. Supp. 2d at 102 (quoting *United States ex rel. K & R Ltd. P'ship v. Mass. Hous. Fin. Agency*, 456 F. Supp. 2d 46, 52 (D.D.C. 2006)) (internal quotation marks omitted). The Court denied without prejudice WMATA's prior motion seeking to compel the same expert fees that it seeks through this Renewed Motion, for failure to meaningfully confer as required by Local Civil Rule 7(m). *See English*, 293 F. Supp. 3d at 14–17. In so ruling, the Court noted that "WMATA's efforts to confer with Plaintiff's counsel are too perfunctory to satisfy Local Civil Rule 7(m)," and noted that "the abrupt and premature end to the discussion falls short of the meaningful and 'real steps'" required by Local Civil Rule 7(m). *Id.* at 17.

The exhibits submitted by the parties — consisting of emails and attachments — demonstrate that the parties have conferred. *See* Def.'s Mot., Ex. C, ECF No. 38-3; Pl.'s Opp'n, Exs. 3–6, ECF Nos. 39-3–39-6. Ms. English asserts that the substantive deficiencies in WMATA's communications evince a failure to confer in good faith. *See* Pl.'s Opp'n at 4–5 (noting failures to provide further relevant information). Although the information provided by Defense counsel may have lacked the detail sought by Plaintiff's counsel, each side appears to have attempted to identify its respective positions regarding the request for expert fees. *See* Def.'s Mot., Ex. C; Pl.'s Opp'n, Exs. 3–6; *see also* Pl.'s Opp'n at 4–6. Accordingly, in the interest of judicial efficiency, the Court will reach the merits of WMATA's Renewed Motion and will not deny the Renewed Motion for failure to comply with Local Civil Rule 7(m).

## II. Reasonableness of Expert Fees for Deposition Preparation

Ms. English disputes both the reasonableness of Dr. Geocadin's expert rate and the amount of time he spent preparing for his deposition. *See* Pl.'s Opp'n at 7–11. As earlier

4

outlined, the Court considers several factors in evaluating the reasonableness of requested expert fees:

> (1) the witness's area of expertise; (2) the education and training that are required to provide the expert insight that is sought; (3) the prevailing rates for other comparably respected available experts; (4) the nature, quality, and complexity of the discovery responses provided; (5) the cost of living in the particular geographic area; (6) the fee actually being charged by the expert to the party who retained him; and (7) fees traditionally charged by the expert on related matters.

*Barnes*, 274 F.R.D. at 316. Ms. English does not contest the first and second factors — Dr. Geocadin's area of expertise, and education and training. Pl.'s Opp'n at 8. However, Ms. English argues that WMATA presents no information regarding the third, fourth, sixth, and seventh factors, which consider: the prevailing rates for other comparably respected available experts; the nature, quality, and complexity of the discovery responses provided; the fee actually being charged by the expert to the party who retained him; and fees traditionally charged by the expert on related matters. *See id.* Neither party addresses the fifth factor — the cost of living in the particular geographic area.

Ms. English urges the Court to deny WMATA's Renewed Motion because "Defendant did not provide any evidence as to reasonableness." *Id.* at 9. The Court concurs. WMATA submitted Dr. Geocadin's declaration and the copy of Dr. Geocadin's report, but has largely failed to satisfy its burden of establishing the reasonableness of the fee sought. *See Barnes*, 274 F.R.D. at 316 ("The party seeking reimbursement for the fee . . . bears the burden of establishing reasonableness.").

The record lacks evidence regarding most of the factors that are relevant to the reasonableness analysis. WMATA has failed to provide sufficient evidence regarding factors three, six, and seven, *i.e.*, evidence of the prevailing rates for other comparably respected available experts, the fee actually being charged by the expert to the party who retained him, and

the fees traditionally charged by the expert on related matters. WMATA has submitted no evidence of prevailing rates for other comparably respected available experts nor evidence of the fee that Dr. Geocadin actually charged WMATA in this case. *Cf. Guantanamera Cigar Co.*, 729 F. Supp. 2d at 256 (noting that "the market for experts who possess that unique knowledge should be the focus analysis of the third factor" and seeking the rates of comparable experts). WMATA's briefing also lacks sufficient information regarding the fees traditionally charged by Dr. Geocadin on related matters. WMATA and Dr. Geocadin both note that Dr. Geocadin charges $700 per hour for preparation time, but fail to provide any additional context. *See* Def.'s Mot. ¶ 5; *id.* at Ex. A ("Geocadin Decl.") ¶ 8, ECF No. 38-1 ("I charge $700.00 per hour for consultation and review."). The Court cannot evaluate the reasonableness of that rate without additional information establishing whether Dr. Geocadin typically charges the same rate for related matters and what rates comparable experts charge. *Cf. Barnes*, 274 F.R.D. at 317 (evaluating the reasonableness of a fee where the expert witness "did not provide information on the fee she charged in other cases," but "did provide information on the fees that comparable experts charge").

Turning to the fourth factor, Dr. Geocadin's declaration, in conjunction with his report, provides some information about the nature, quality, and complexity of the discovery responses provided. *See generally* Geocadin Decl. However, WMATA's briefing fails to connect that evidence to the legal standard or the nature, quality, and complexity of the discovery responses. *See* Pl.'s Opp'n at 8 ("Defendant makes no effort to explain how the nature, quality, and complexity of Dr. Geocadin's testimony warrants the fee charged or preparation undertaken."). Even if the Court were inclined to independently assess the nature, quality, and complexity of the

discovery responses, the lack of evidence regarding the other factors identified above makes it impossible to fully evaluate the reasonableness of the fee requested.

It bears noting that WMATA has been on notice, since at least the last round of briefing on WMATA's initial request for Dr. Geocadin's expert preparation fees, that it carries the burden of establishing reasonableness and the factors relevant to the Court's evaluation of the requested fee. *See English*, 293 F. Supp. 3d at 15; *see also* Pl.'s Opp'n, Ex. 4, ECF No. 39-4 (email from Plaintiff's counsel attaching Plaintiff's Opposition to Defendant's initial motion for expert fees for preparation); Def.'s Mot., Ex. B, ECF No. 38-2 (same email without attachment); *see generally* Pl.'s Opp'n to Def.'s Mot. to Compel Payment of Expert Fees for Preparation for Disc. Dep., ECF No. 29. It is therefore remarkable that the Renewed Motion suffers the same deficiencies as the initial motion and fails to provide sufficient information to permit the Court to fully evaluate the reasonableness of the requested fee. The Court must therefore deny the Renewed Motion.

## **CONCLUSION**

For the foregoing reasons, the Court concludes that WMATA has failed to meet its burden of establishing that the fee requested is reasonable, and therefore **ORDERS** that Defendant's Renewed Motion to Compel Payment of Expert Fees for Preparation for Discovery Deposition [ECF No. 38] is hereby **DENIED** without prejudice. WMATA may file a renewed motion, which would provide a third opportunity to demonstrate the reasonableness of the fees

requested. The Court is disinclined to give WMATA a fourth bite at the apple, and therefore strongly recommends that any renewed submission fully address the factors discussed above.

**SO ORDERED**.

Dated: September 27, 2018

ROBIN M. MERIWEATHER
UNITED STATES MAGISTRATE JUDGE